UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER HAYS, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> -vs- ) <br> ) <br> KADLEC REGIONAL MEDICAL CENTER ) <br> [Julie Meek, Registered Agent]; ) <br> KADLEC NEUROSCIENCE CENTER ) <br> [Kenneth A. Miller, Registered ) <br> Agent]; & Dr. Matthew E. Fewel, ) <br> MD., ) <br> ) <br> Defendants. ) | NO.  CV-11-5025-LRS <br><br> SCHEDULING ORDER |

A telephonic status conference was held in the above-entitled matter on June 1, 2011. Russell Van Camp participated on behalf of Plaintiff; Jerome R. Aiken participated on behalf of Defendant Kadlec Regional Medical Center and Kadlec Neuroscience Center; Jeffrey M. Kreutz participated on behalf of Defendant Dr. Matthew E. Fewel. The Court having reviewed the documents in the file and discussed the adoption of a scheduling order with counsel, now enters the following Scheduling Order:

**IT IS ORDERED:**

1. Pursuant to Rule 16 of the Federal Rules of Civil Procedure, this schedule "shall not be modified except upon a showing of good cause and by leave [of the Court]." Rule 16(f) of the Federal Rules of Civil

SCHEDULING ORDER - 1

Procedure provides for sanctions for failure to obey the Scheduling Order.

   2.   Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the parties shall disclose the following:

      (a)   A list of all individuals, including addresses and phone numbers if known, who are likely to have discoverable information relevant to any issue in the case;

      (b)   A copy or description of all documents and tangible things that may be relevant to any issue in the case;

      (c)   A computation of any damages claimed by any party; and

      (d)   A description of any insurance agreement that must be made available for inspection and/or copying.

These disclosures shall be made, <u>BUT NOT FILED</u>, on or before **June 15, 2011**.

   3.   A motion to amend pleadings or add named parties shall be filed and served no later than **February 21, 2012**.

   4.   The parties are reminded to follow all Federal and Local Rules, in particular LR 7.1, which governs motion practice.  **<u>The Court may choose to disregard any materials not timely filed and motions not noted for hearing in compliance with the rules.</u>**

         Local Rule 7.1(f) will be strictly enforced. Motions for leave to file an overlength brief must be filed and ruled on <u>prior to</u> the filing of the overlength brief. Overlength briefs will be allowed only when good cause is shown.

SCHEDULING ORDER - 2

5.  Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, the Plaintiff shall provide all disclosures regarding experts to the Defendants no later than **February 1, 2012**. Defendants shall provide all Rule 26(a)(2) disclosures to the Plaintiff no later than **March 2, 2012**. The parties shall identify any rebuttal experts and provide the Rule 26(a)(2) reports of those experts no later than **April 2, 2012**. Challenges to expert qualifications and the admissibility of expert testimony shall be disclosed to the Court no later than **May 15, 2012.**

6.  All discovery shall be completed on or before **May 1, 2012.** THE PARTIES SHALL FILE NO DISCOVERY EXCEPT THOSE PORTIONS NECESSARY TO SUPPORT MOTIONS. All written discovery shall be served no later than forty days (40) prior to the discovery cut-off date. Pursuant to LR 37.1(e), where there are circumstances necessitating and allowing for an immediate ruling on a discovery question which is not excessively complex or broad, the parties may obtain such a ruling by contacting the Court's courtroom deputy and arranging for a telephone conference with the Court. The Court retains the discretion to require the filing of a formal written motion and a determination of the same pursuant to the requirements of LR 7.1.

7.  All dispositive motions shall be filed and served on or before **May 15, 2012.** This deadline may only be altered by order of the Court, for good cause shown.

    (a)  The motion must <u>strictly comply</u> with all requirements of

SCHEDULING ORDER - 3

Local Rule 7.1 and 56.1.

(b) Counsel should make evidentiary objections as discussed in Local Rule 56.1(b) and (c) within the parties' statement of facts as opposed to filing a separate motion to strike.

(c) All materials filed in support of, or in opposition to, a motion for summary judgment must <u>strictly comply</u> with the requirements of Rule 56(e) of the Federal Rules of Civil Procedure. *See Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002).

(d) **The Court's copies of any exhibits submitted in support of, or in opposition to, a dispositive motion shall be bound and tabbed**.

(e) Failure to comply with the above requirements may result in the Court disregarding any non-complying filings.

8. A telephonic status conference shall be set for **July 3, 2012** at **9:30 a.m.** <u>The parties shall call the Court's public conference line at (509) 573-6932 at the time scheduled for the conference.</u>  <u>The parties must call the Court's courtroom deputy to arrange for any motions to be heard during this telephonic status conference.</u>  <u>Motions may not be noted for hearing during the telephonic status conference without approval of the courtroom deputy</u>.

9. Exhibits, Witness Lists, and Deposition Testimony.

(a) In accordance with Fed. R. Civ. Pro. 26(a)(3), exhibit and witness lists shall be filed and served, and exhibits made available for inspection (or copies provided), on or before **July 9, 2012**.

(b) All exhibits shall be premarked: Plaintiff's exhibits

SCHEDULING ORDER - 4

shall be numbered 1 through 100; Defendant Kadlec Regional Medical Center and Kadlec Neuroscience Center shall use numbers 101 through 200; Defendant Dr. Matthew E. Fewel shall use numbers 201-300.

    (c)   The parties shall also serve, <u>but not file at this time</u>, a list of those witnesses whose testimony may be by deposition, along with a purged transcript of deposition testimony (see, LR 32.1).

    (d)   Any objection to use of a deposition or an exhibit proposed by an opponent shall be filed and served by **July 23, 2012,** and shall be heard at the pretrial conference. A failure to object will be considered a waiver, and all items listed and not objected to will be considered admitted.

    (e)   On **July 23, 2012,** the parties shall also submit a bound and tabbed bench copy of their exhibits for the Court's reference at the pretrial conference and during trial.

    (f)   In accordance with Local Rule 83.1(g), each party shall bring to trial and any other hearing on the merits, photocopies of their relevant pre-marked exhibits for the Court record, opposing counsel, and testifying witness, unless it is not possible to do so because of the nature of an exhibit. These copies shall be organized in separate binders, tabbed, and premarked in accordance with the exhibit marking scheme described above.

   10.   A joint Pretrial Order, prepared in accordance with the format provided in Local Rule 16.1(b), shall be filed on or before **August 23, 2012.** It shall also be emailed to **sukoorders@waed.uscourts.gov.** The

list of exhibits contained in the joint Pretrial Order shall reflect the exhibit marking scheme described above. In preparing the joint Pretrial Order, the parties shall confer regarding duplicate exhibits and determine which party will submit such exhibits for trial.

11. Trial briefs, requested voir dire, and proposed jury instructions shall also be filed and served on or before **August 23, 2012**. Proposed jury instructions shall also be emailed to **sukoorders@waed.uscourts.gov**.

The parties shall confer regarding jury instructions and file a set of **JOINT PROPOSED JURY INSTRUCTIONS**. Jury instructions should only address issues that are unique to this case, and shall include instructions regarding the elements of each claim or defense, the relief requested, and a proposed verdict form. *See* LR 51.1.

The Joint Proposed Jury Instructions shall include the following:

a. The instructions on which the parties agree; and

b. Copies of disputed instructions (i.e., a copy of each party's proposed version of an instruction upon which the parties do not agree). All jury instructions from the most current edition of the Ninth Circuit Manual of Model Jury Instructions may be proposed by number. The submission of the Joint Proposed Jury Instructions will satisfy the requirements of LR 51.1(c).

The parties shall address in their trial briefs any objections they have to instructions proposed by any other party. The parties shall

identify the specific portion of any proposed instruction to which they object and shall elaborate on the basis for the objection. Objections asserting that an instruction sets forth an incorrect statement of law shall describe the legal authority supporting the objection. Failure to file an objection and supporting argument may be construed as consent to the adoption of an instruction proposed by another party.

12. All unresolved substantive or evidentiary issues that may foreseeably arise during trial shall be addressed by MOTIONS IN LIMINE to be filed and served on or before **August 13, 2012**. Such motions will be addressed and resolved at the pretrial conference.

13. Unless otherwise ordered, a final telephonic pretrial conference and hearing on motions in limine and evidentiary issues shall be held on **September 5, 2012,** at **9:00 a.m.** The parties shall call the Court's public conference line at (509) 573-6932 at the time scheduled for the conference. The parties should advise the Court one week in advance if they believe that an in-person pretrial conference would be appropriate.

14. The jury trial shall commence at **9:00 a.m.** on **September 17, 2012,** in Richland, Washington. The parties estimate a trial length of 6 days. Counsel shall meet with the Court in chambers at **8:30 a.m.** on the day of trial.

15. If at any time before trial the parties believe a settlement conference or mediation session would be helpful, the Court is available to assist in setting up such a proceeding. The parties are herewith

SCHEDULING ORDER - 7

notified that because of the demands on judicial officers of this district are high, requests for judicial mediation should be made well in advance of trial.

The District Court Executive is directed to file this Order and provide copies to counsel.

**DATED** this 8th day of June, 2011.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

SCHEDULING ORDER - 8